## In re Carbondale Registration Commissioners

*Wallace G. Moser*, for petitioners.

*Philip V. Mattes*, for county registration commissioners.

HOBAN, J., October 24, 1947.—The Permanent Registration Act in Cities of the Third Class of May 25, 1937, P. L. 849, 25 PS §947-1, makes the county commissioners the registration commission for

each third class city within their county, prescribing their duties with reference to registration of electors, custody of records, delivery to election boards and return therefrom of the appropriate registration and other records.

Three electors of the City of Carbondale, Lackawanna County, petitioned the court to decree that the County Commissioners of Lackawanna County, because they are candidates for reëlection as commissioners at the municipal election to be held November 4, 1947, are disqualified from acting as such registration commissioners for the City of Carbondale prior to the coming election and until such time as the disqualification is removed, for the reason that as candidates the commissioners are interested and so cannot perform impartially the duties of their office as registration commissioners. The commissioners now move to strike the petition from the record on the ground that the court of common pleas lacks jurisdiction to entertain the petition or to afford the remedy asked therein.

We are all agreed that the petition must be stricken from the record. The county commissioners are not only public officers but constitutional officers: Article XIV, Constitution of Pennsylvania, 1874. The only way they can be removed from office is by the method provided for by the Constitution, to wit, either by impeachment or by removal by the Governor for reasonable cause, after due notice and full hearing on the address of two thirds of the Senate: Article VI, Constitution of Pennsylvania.

We consider that to deprive the commissioners of the privilege of exercising any of the duties imposed upon them by the legislature is equivalent to removal, even though such deprivation may be temporary, and this court has no power to effect such removal. It is quite true that the legislature may from time to time prescribe duties which the commissioners are to perform by virtue of their office and the conditions under

which these duties are to be performed and upon which the performance of such duties may be suspended. So the legislature has provided that when the commissioners act as members of the county board of election, their specific duties with reference to the computation and return of votes when they themselves are candidates may be suspended and placed in the hands of some other agency, as the court of common pleas. But unless the legislature specifically prescribes a condition or situation under which the performance of duty by a constitutional officer is suspended, the court has no power to interfere with its exercise, regardless of the interest which the public officer may have in the subject-matter.

Now, October 24, 1947, the petition filed to the above number and term is directed to be stricken from the record.